UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HIRAM V. RODRIGUEZ,

     Plaintiff,

v.                        Case No.:  8:23-cv-2085-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Hiram V. Rodriguez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on October 28, 2019, alleging disability beginning July 30, 2016. (Tr. 60, 252-53). The application was denied initially and on reconsideration. (Tr. 60, 85). Plaintiff

requested a hearing and on July 6, 2022, a hearing was held before Administrative Law Judge Anne Sprague ("ALJ"). (Tr. 33-59). On February 13, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from July 30, 2016, through the date of the decision. (Tr. 17-26). On July 25, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed September 14, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2025. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2016, the alleged onset date. (Tr. 19). The ALJ noted that Plaintiff worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful activity. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; obesity; depressive disorder, anxiety disorder; history of substance abuse." (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.
§§ 404.1520(d), 404.1525, 404.1526). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following
RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 [C.F.R.] § 404.1567(c) except he is limited to frequent climbing of ramps or stairs, but must never climb ladders, ropes, or scaffolds. The claimant is limited to frequent exposure to unprotected heights, dangerous equipment, extreme cold, and vibrations. He can concentrate, persist, and maintain pace to perform simple, routine tasks with occasional interaction with the public.

(Tr. 21).

At step four, the ALJ determined that Plaintiff was not capable of performing
his past relevant work as a nurse. (Tr. 24). At step five, the ALJ found that
considering Plaintiff's age (52 years old on the alleged disability onset date),
education (limited), work experience, and RFC, there were jobs that existed in
significant numbers in the national economy that Plaintiff could have performed.
(Tr. 24-25). Specifically, the vocational expert testified that a person with Plaintiff's
limitations could have performed such occupations as:

(1)   Warehouse worker, DOT[1]  921.667-026, medium, SVP 2

(2)   Roll coverer, DOT 929.687-042, medium, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(3)   Fish egg packer, DOT 529.687-086, medium, SVP 2

(Tr. 25). The ALJ concluded that Plaintiff had not been under a disability from July

30, 2016, through the date of the decision. (Tr. 26).

## II.   Analysis

On appeal, Plaintiff generally raises the issue that the ALJ erred in the RFC

assessment by not accounting for the full limiting effect of Plaintiff's impairments,

in particular his degenerative disc disease. (Doc. 14, p. 1). In the brief, Plaintiff

specifically raises these two issues that relate to this general issue:

(1)   The ALJ did not reasonably rely on the State agency's administrative
      findings on reconsideration that Plaintiff can perform medium work;
      and

(2)   The ALJ did not properly consider Plaintiff's subjective complaints and
      statements.

(Doc. 14, p. 10, 14). The Court will address these two specific issues.

## A.   Opinions of State Agency Medical Consultants

Plaintiff argues that the ALJ improperly considered the State agency medical

consultants' opinions by failing to comply with the regulations. (Doc. 14, p. 10-14).

On February 27, 2020, consultative State agency medical consultant Navjeet Singh,

M.D. initially considered the medical and other evidence of record and completed a

residual functional capacity assessment. (Tr. 73-75). Dr. Singh determined, among

other things, that Plaintiff was limited to light work, and only able to occasionally

lift 20 pounds and frequently lift 10 pounds. (Tr. 73).

On November 29, 2021, State agency medical consultant Sharmishtha Desai, M.D. on reconsideration considered the medical and other evidence of record and completed a physical residual functional capacity assessment. (Tr. 90-93). Dr. Desai found, among other things, that Plaintiff was capable of medium work and could lift 50 pounds occasionally and 25 pounds frequently. (Tr. 90).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may

but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including

judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

In the decision, the ALJ considered the persuasiveness of the opinions of both Dr. Singh and Dr. Desai:

> The State agency medical [Dr. Singh] and psychological consultant's [sic] at the initial level were overly generous regarding the claimant's limitations (Ex. 3A). Their opinions came some time ago. Thus, they did not review the longitudinal medical evidence. In fact, they gave controlling weight to the consultative examiner's [sic]. Accordingly, I find the opinions of the consultant's [sic] at the initial level to be unpersuasive.
>
> On the other hand, the opinions of the State agency medical [Dr. Desai] and psychological consultant's [sic] at the reconsideration level are highly persuasive. They had the benefit of reviewing the claimant's medical records in addition to the consultative examination reports. The medical consultant's opinion is consistent with the mild findings shown in the lumbar x-rays (Ex. 2F; 5F). The psychological consultant's opinion is persuasive as it is consistent with the claimant's minimal treatment as well as his refusal to take prescribed medication.

(Tr. 23-24).

Starting with Dr. Singh's opinion – limiting Plaintiff to jobs at the light exertional level – the ALJ found this opinion "overly generous regarding" Plaintiff's limitations, and thus unpersuasive. (Tr. 23-24). The ALJ reasoned that the opinion was unsupported by relevant evidence and inconsistent with other medical sources because it was completed in February 2020, about three years before the decision,

and Dr. Singh did not have the benefit of more recent medical evidence. (Tr. 23-24). The ALJ also found that Dr. Singh relied almost exclusively on the consultative exam performed by Sohail Shariff, M.D. on February 12, 2020, with almost no other medical evidence mentioned. (Tr. 24, 75).

The ALJ then compared Dr. Singh's opinion with Dr. Desai's opinion on reconsideration – which limited Plaintiff to jobs at the medium exertional level. (Tr. 24). In finding this opinion "highly persuasive," the ALJ reasoned that the opinion was supported by Dr. Desai having the benefit of more recent medical records in addition to the 2020 consultative exam, as reflected in Dr. Desai's November 2021 summary of the medical evidence. (Tr. 24, 92-93). The ALJ found Dr. Desai's opinion consistent with these records that included x-rays, showing mild findings in the lumbar region. (Tr. 24).

Plaintiff argues that the ALJ improperly found Dr. Singh's opinion unpersuasive. (Doc. 14, p. 11). Plaintiff claims that the ALJ should have found it persuasive, and then conducted a more detailed analysis under the regulations. (Doc. 14, p. 11). Under the regulations, if SSA finds two medical or prior administrative medical findings equally persuasive, then the ALJ must not only consider supportability and consistency, but must also consider the other factors listed in 20 C.F.R. § 404.1520c(b)(3)-(c).

Plaintiff argues that Dr. Singh had the benefit of medical records other than just the consultative examination. (Doc. 14, p. 10). Even so, as the ALJ noted, to assess Plaintiff's RFC, Dr. Singh relied almost exclusively on the consultative examination findings. (Tr. 75). And while both Dr. Singh and Dr. Desai reviewed some of the same records, Dr. Desai also reviewed more recent medical records and determined that even though Plaintiff had functional limitations based on back pain, he was "able to do light work/activities, driving, shopping, etc." and take [over the counter] ibuprofen for pain. (T. 93). Dr. Desai found that based on the totality of evidence in the file, there was no listing level impairment, no evidence of severe or profound functional loss, and the level of severity of Plaintiff's stated functional limitations was disproportionate to his current objective exam in the file. (Tr. 93). The ALJ properly considered these opinions under the applicable regulations.

In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). "The ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5

F.4th 1315, 1320 (11th Cir. 2021). Taking the record and the decision as a whole, the ALJ did not err, and substantial evidence supports the ALJ's findings on the persuasiveness of the opinions of Dr. Singh and Dr. Desai. Based on the ALJ not finding both opinions persuasive, the ALJ was not required to conduct a more detailed analysis into the other factors.

**B.    Subjective Complaints**

Plaintiff argues that the ALJ improperly rejected Plaintiff's complaints of pain. (Doc. 14, p. 16). Plaintiff first argues that the ALJ used the wrong standard to evaluate Plaintiff's subjective statements. (Doc. 14, p. 16). Second, Plaintiff argues that the ALJ only referenced benign findings and inconsistent statements rather than abnormal findings and consistent statements. (Doc. 14, p. 17). Third, Plaintiff argues that the ALJ improperly considered that Plaintiff could not afford treatment. (Doc. 14, p. 17). Finally, Plaintiff argues that the ALJ should have considered Plaintiff's work history in considering his subjective statements. Each argument is considered in turn.

**1.    Standard for Subjective Complaints**

Plaintiff argues that the ALJ used the wrong standard in evaluating Plaintiff's subjective complaints. (Doc. 14, p. 16). As to Plaintiff's subjective statements, the ALJ generally found:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could

> reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 22). Plaintiff argues that the term, "not entirely consistent" with the record is an improper standard. (Doc. 14, p. 16). Instead, Plaintiff argues that the ALJ should have considered Plaintiff's subjective statements based on a preponderance of evidence and requests remand. (Doc. 14, p. 16).

The Commissioner cites a Seventh Circuit case, *Gedatus v. Saul*, 994 F.3d 893 (7th Cir. 2021), that addressed the same argument as here. In *Gedatus*, the plaintiff appealed the denial of an application for social security benefits. 994 F.3d 893 (7th Cir. 2021). The District Court affirmed the decision and the plaintiff appealed to the Seventh Circuit. *Id.* As in this case, the ALJ in *Gedatus* found the plaintiff's statements "'not entirely consistent with the medical evidence and other evidence for the reasons explained in the decision.'" *Id.* As Plaintiff argues here, the plaintiff in *Gedatus* criticized the ALJ for using the wrong standard and argued that the correct standard was a preponderance-of-the-evidence standard. *Id.* The Court found, "[b]ut we do not read the ALJ's language that way. It is clear to us, given the context, that the ALJ merely used a polite way to say the weight of the evidence did not support all [of the plaintiff's] claims." *Id.* This reasoning is persuasive and the

Court adopts it for this case. Thus, the ALJ applied the correct legal standard to analyze Plaintiff's subjective statements.

### 2.    Subjective Statements

Plaintiff argues that the ALJ selectively referenced only benign findings and did not discuss Plaintiff's abnormal findings. (Doc. 14, p. 17-18). Similarly, Plaintiff argues that the ALJ did not consider Plaintiff's statements that were consistent with his subjective complaints. (Doc. 14, p. 17-18).

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other

symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

As stated above, after carefully considering the evidence, the ALJ found that Plaintiff's subjective statements on the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record. (Tr. 22). Prior to this statement, the ALJ considered Plaintiff's subjective statements from the hearing and from other documents of record. (Tr. 21-22). The

ALJ acknowledged that Plaintiff alleged disability based on a back disorder, depression, and anxiety. (Tr. 21). The ALJ noted that Plaintiff claimed he could not bend, lift, remember tasks, and be around others. (Tr. 21). The ALJ also noted that Plaintiff stated he could go out alone, follow instructions, handle stress, and handle changes in routine. (Tr. 22). In some reports, Plaintiff claimed he experienced pain every minute of every day. (Tr. 21-22). In others, Plaintiff reported that his pain lasted two hours, and in others, it lasted for weeks or months. (Tr. 22). The ALJ found these statement inconsistent. (Tr. 22). In contrast to these severe allegations of pain, the ALJ noted that Plaintiff only took over-the-counter pain relievers and also noted that Plaintiff admitted to normally intact activities of daily living, such as shopping, driving, handling personal finances, going out to eat, performing light household tasks, and talking and texting on a phone. (Tr. 22).

As to abnormal findings, the ALJ noted that at a February 2020 consultative examination, Plaintiff displayed a slow gait with normal stability, was slow to rise from a seated to standing position secondary to pain, and could not squat, kneel, or walk on heels and toes. (Tr. 22). The examiner found tenderness to palpation as well as a limited range of motion in the lower back, with positive straight leg tests bilaterally. (Tr. 22). The ALJ contrasted these findings with Plaintiff having 5/5 strength in his upper and lower extremities, no neurological deficits, no other tenderness in the back, and a lumbar spine x-ray showing only mild diffuse

degenerative changes but otherwise unremarkable. (Tr. 22). At a July 2021 emergency room visit, the ALJ noted that a lumbar x-ray revealed only mild lumbar spine spondylosis. (Tr. 22). Also worth noting, early in the decision, the ALJ commented that Plaintiff worked after the alleged disability onset date, and even though the work activity did not rise to the level of substantial gainful activity, the ALJ "cannot ignore the fact that the claimant had been able to attain employment during the period at issue." (Tr. 19).

The ALJ then summarized her findings:

> The claimant has severe mental and physical impairments, but they are not disabling, not even in combination. Diagnostic imaging of the claimant's lumbar spine showed no more than mild abnormalities (Ex. 2F; 5F). Nonetheless, the claimant had positive objective findings and appeared to be in pain at the consultative examination in February 2020 (Ex. 2F). Thus, I limit the claimant to medium work with certain postural restrictions and environmental precautions.

(Tr. 23).

Here, when reviewing Plaintiff's subjective statements, the ALJ considered: Plaintiff's daily activities; the location, duration, frequency, and intensity of his pain; the precipitating and aggravating factors; the over-the-counter medications he took for pain; the treatment; and any measures he used to relieve pain or other symptoms. Substantial evidence supports the ALJ's subjective complaint analysis.

### 3.  Ability to Afford Treatment

Third, Plaintiff argues that the ALJ improperly discounted Plaintiff's subjective statements because he could not afford emergent treatment or seek treatment with low-cost or no-cost providers. (Doc. 14, p. 17). Plaintiff claims that he did seek treatment through BayCare at an emergency room visit in July 2021. (Doc. 14, p. 17).

In the decision, the ALJ did mention that Plaintiff had not sought regular medical treatment for his physical condition. (Tr. 22). The ALJ also recognized that Plaintiff presented to the emergency room in July 2021. (Tr. 22). The ALJ acknowledged that "healthcare comes at a cost, but the claimant has not required repeated emergent treatment, nor has he sought healthcare with no-cost or low-cost healthcare providers." (Tr. 22).

In evaluating a plaintiff's symptoms and their functional effect, "the ALJ may not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue medical treatment without first considering any explanations that might explain the failure to seek or pursue treatment." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 487 (11th Cir. 2012). An ALJ must consider evidence showing a plaintiff is unable to afford medical care before denying benefits based on non-compliance with care. *Id.* (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)). When an ALJ relies on noncompliance with prescribed

medical treatment as the "sole ground for the denial of disability benefits," and the record contains evidence that a plaintiff was unable to afford the prescribed medical treatment, then the ALJ must determine whether a plaintiff could afford the prescribed medical treatment. *Ellison*, 355 F.3d at 1275. If a court determines the failure to follow prescribed medical treatment is not one of the "principal factors in the ALJ's decision," then the ALJ need not delve into a plaintiff's ability to pay, and this failure is not reversible error. *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011).

While the ALJ noted that healthcare may be expensive, the ALJ found Plaintiff had not generally searched for no-cost or low-cost healthcare. Even so, the ALJ did not deny benefits solely based on Plaintiff's inability to afford treatment. Nor did the ALJ solely find Plaintiff's subjective statements not entirely consistent with the medical and other evidence of record based on Plaintiff's inability to afford medication. The Court finds no error.

### 4.   Work History

Plaintiff argues that the ALJ ignored the fact that prior to his claim being filed he worked for 37 years, first as a nurse and then after a stroke, switching to jobs as a cashier, stock clerk, and sanitation worker. (Doc. 14, p. 18). Plaintiff argues that this work history supports his subjective statements about his limitations. (Doc. 14, p. 18-19).

While prior work history is a consideration in evaluating a claimant's subjective complaints, the Eleventh Circuit has not had an occasion to determine whether an ALJ's failure to consider a claimant's long work history in evaluating a claimant's subjective symptoms is erroneous. *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017); *Wilson v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-00407-JHE, 2020 WL 1285927, at *6 (N.D. Ala. Mar. 16, 2020). At the hearing, the ALJ discussed Plaintiff's long work history as a nurse as well as his jobs of cashier, dishwasher, stock clerk, and sanitation worker. (Tr. 38-39). And in the decision, the ALJ stated that Plaintiff had past relevant work as a nurse, and noted that Plaintiff worked at other jobs during the relevant period. (Tt. 19, 24). The Court finds that although the ALJ may have not expressly discussed Plaintiff's work history in assessing Plaintiff's subjective complaints, the ALJ did review Plaintiff's work history. Thus, the Court finds no error.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

      **DONE** ad **ORDERED** in Fort Myers, Florida on September 10, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties